MENNEN HAT COMPANY, INCORPORATED, A CORPORATION, PLAINTIFF, v. STANLEY STORES, INCORPORATED, A NEW JERSEY CORPORATION, DEFENDANT.

Decided February 20, 1931.

For the plaintiff, *Stein, McGlynn & Hannoch.*

For the defendant, *Morris Spritzer.*

The opinion of the court was delivered by

CASE, J. Plaintiff moves to strike defendant's answer and for summary judgment. The issue will sufficiently appear *infra.* Plaintiff is a wholesale merchant, incorporated under

the laws of, and with its principal place of business in, the State of New York. Defendant is a New Jersey corporation and maintains, as its only places of business, retail stores in the cities of New Brunswick and Perth Amboy. On October 10th, 1929, defendant, in the person of Max Levinston, treasurer and director, entered the State of New York for the express purpose of purchasing merchandise for defendant's said stores, went to plaintiff's sales rooms at 57 Thirty-eighth street, New York City, and there placed an order for hats to be shipped to the defendant at its New Brunswick store. The hats were shipped by plaintiff and received by defendant but were not paid for. Plaintiff billed defendant for the goods and a dispute arose as to whether or not the goods were shipped in larger quantity than ordered and as to whether or not the bill was for goods in excess of the actual shipment. Levinston went to plaintiff's establishment in New York with respect thereto and while there was served with summons in a suit thereon in the Municipal Court of the city of New York. The suit was vigorously defended on the merits. Jurisdiction was not questioned. At the trial Levinston and other witnesses appeared for the defense. Judgment for $450.28 went for the plaintiff. Appeal was taken for the defendant, and cost security in excess of $500 was deposited. The judgment was reversed on appeal and the deposit was consequently returned to the defendant. A second trial followed at which the same witnesses as before, and in addition one of defendant's saleswomen, testified. Again judgment was rendered for the plaintiff in the sum of $450.28. The judgment was docketed in the Supreme Court of the State of New York and the present suit is on that judgment.

Defendant argues that statutes providing for service on foreign corporations do not apply unless the corporation is present or "doing business" therein; that defendant's entry into the State of New York for the purpose of purchasing materials incident to defendant's trade was not "doing business" therein; that consequently service upon its treasurer was not service upon the defendant and that, therefore, the

judgment may not be made the basis of an action in the State of New Jersey. It further asserts that the defense to the suit in New York was without the knowledge or assent of Levinston's fellow officers and directors and was personally maintained by Levinston for reasons of his own; and that the deposit on appeal was from Levinston's own funds.

I am not impressed by defendant's contention that its treasurer was, within the terminology of our cases, merely "accidentally" within the jurisdiction of the New York courts. Defendant cites *Moulin* v. *Insurance Co., 24 N. J. L. 222.* But it is said in the course of that opinion (at *p.* 234) : "Any natural person who goes into another state carries with him all his personal liabilities; and there is quite as much reason that a corporation which chooses * * * to authorise contracts to be made in another state, should be regarded as thereby voluntarily submitting itself to the action of the laws of that state, as well in reference to the mode of commencing suits against it, as to the interpretation of, the contracts so made." The defendant entered into the State of New York for the purpose of making, and did there make, a contract of purchase. It thereby submitted itself to the jurisdiction of that sovereignty so far as to be liable to a suit therein in regard to that contract, when summoned according to the laws of the state. *National Condensed Milk Co.* v. *Brandenburgh, 40 N. J. L. 111.* The point is neither made nor argued that the defendant was not summoned to the New York action in accordance with the laws of that state. It appears, therefore, that even though the defendant was not "doing business," according to the accepted use of that term, in the State of New York, it nevertheless had submitted itself to that jurisdiction with respect to this particular contract. It is unnecessary to consider the nature and effect of the appearance in and the defense to the New York action.

The motion is granted.